IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAKESHA HILL,<br><br>    Plaintiff,<br><br>      v.<br><br>FFE TRANSPORTATION SERVICES, INC., et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:19-CV-5630-TWT |

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Plaintiff's Motion for Partial Summary Judgment [Doc. 79] and the Defendant FFE Transportation Services, Inc's Motion for Partial Summary Judgment [Doc. 81]. For the reasons set forth below, the Plaintiff's Motion for Partial Summary Judgment [Doc. 79] is GRANTED, and the Defendant FFE Transportation Services, Inc's Motion for Partial Summary Judgment [Doc. 81] is GRANTED.

### I. Background

This case arises out of collision of vehicles driven by the Plaintiff Lakesha Hill and the Defendant Jaquan Tracy. Tracy was driving a tractor-trailer that collided with the Plaintiff's car as he was making a left turn from the opposite lane. (Pl.'s Statement of Undisputed Material Facts in Supp. of

Pl.'s Mot. for Partial Summ. J. ¶ 2.)[1] The Plaintiff was stopped at the time of the collision. (*Id.* ¶ 11.) As a result of the accident, the Plaintiff brought a negligence claim against Tracy and an imputed liability claim his employer, FFE Transportation Services, Inc. ("FFE"). (Notice of Removal, Ex. A, at 2–3.) Further, the Plaintiff brought claims of negligent hiring, training, retention, and supervision against FFE. (*Id.*, Ex. A, at 3–4.)

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III. Discussion

---

[1] Because the Defendants failed to respond to the Plaintiff's Statement of Undisputed Material Facts, the Plaintiff's facts are deemed admitted to the extent they conform with the Local Rules. N.D. Ga. Local R. 56.1(B)(2)(a)(2).

The Court begins by noting that the Plaintiff's Motion for Partial Summary Judgment lacks a response, and the Defendant's Motion for Partial Summary Judgment lacks a defense. Although the Court must still address the merits of the Plaintiff's motion regardless, the Plaintiff has abandoned her claims of negligent hiring, negligent training, negligent retention, and negligent supervision against FFE. (Pl.'s Br. in Response to Def. FFE's Mot. for Partial Summ. J., at 2.) As a result, FFE's Motion for Partial Summary Judgment is granted.

In her motion, the Plaintiff seeks summary judgment as to the Defendant Tracy's negligence. (Pl.'s Br. in Supp. of Pl.'s Mot. for Partial Summ. J., at 8.) In his Amended Answer, Tracy admitted "that his negligence was the proximate cause of the incident described" in the Complaint. (Def. Tracy's Am. Answer ¶ 19.) Tracy was also cited for failure to yield while turning left, and he did not contest the citation. (Pl.'s Statement of Undisputed Material Fact in Supp. of Pl.'s Mot. for Partial Summ. J. ¶¶ 6, 9.) Under Georgia law, the Plaintiff has made a prima facie case of negligence, which the Defendant presents no evidence to rebut. *See Roberts v. Ledbetter*, 218 Ga. App. 860 (1995); *see also Butgereit v. Enviro-Tech Envtl. Svcs., Inc.*, 262 Ga. App. 754, 755 (2003) (noting that admissions of guilt in civil cases are conclusive if unrebutted). Thus, there is no genuine issue of material fact as to whether the Defendant Tracy was negligent at the time of the collision.

The Plaintiff also seeks summary judgment as to whether the Defendant

3

Tracy's negligence was the sole cause of the collision. (Pl.'s Br. in Supp. of Pl.'s Mot. for Partial Summ. J., at 8.) In his Response to the Plaintiff's Second Request for Admissions, Tracy admitted there was no negligence on the part of any non-party but denied that the Plaintiff was not negligent. (*Id.*, Ex. C ¶¶ 10, 11.) However, the Defendant has provided no evidence that would indicate the Plaintiff's negligence during the build-up to the collision. The Plaintiff's car was stopped at the time of the collision. (Pl.'s Statement of Undisputed Material Facts in Supp. of Pl.'s Mot. for Partial Summ. J. ¶ 11.) Because the Defendant points to no evidence indicating the Plaintiff's negligence, there is no genuine issue of material fact as to whether the Plaintiff or any non-parties were negligent. As a result, the Plaintiff's motion is granted.

## IV.  Conclusion

For the reasons set forth above, the Plaintiff's Motion for Partial Summary Judgment [Doc. 79] is GRANTED, and the Defendant FFE Transportation Services, Inc's Motion for Partial Summary Judgment [Doc. 81] is GRANTED.

SO ORDERED, this  25th  day of January, 2022.

THOMAS W. THRASH, JR.
United States District Judge